J-S75006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
  :  PENNSYLVANIA
  :
v.  :
  :
  :
  :
ARTHUR LAMONT HENDERSON  :
  :
Appellant  :  No. 137 WDA 2017

Appeal from the PCRA Order January 6, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001873-2012,
CP-02-CR-0001874-2012

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:    **FILED FEBRUARY 05, 2018**

Arthur Lamont Henderson ("Appellant") appeals *pro se* from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

We rely on the PCRA court's statement for the underlying facts and procedural history.  PCRA Court Opinion, 5/23/17, at 1–7.  In sum, following a trial in February of 2013, a jury convicted Appellant on fifty-three counts related to his sexual assault of three women on January 7 and January 9, 2012.  The trial court sentenced Appellant to incarceration for an aggregate term of sixty-one to 122 years.  Appellant filed timely post-sentence motions, which the trial court denied on July 9, 2013.  This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied further review.  ***Commonwealth v. Henderson***, 116 A.3d 699, 1155 WDA

2013 (Pa. Super. filed December 23, 2014), *appeal denied*, 125 A.3d 1199 (Pa. 2015).

Appellant filed a timely *pro se* PCRA petition on February 16, 2016. Following the permitted withdrawal of two appointed attorneys, the PCRA court independently reviewed the record and, on August 31, 2016, gave notice of its intent to dismiss Appellant's petition. The PCRA court dismissed the petition without a hearing on January 10, 2017. This appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following questions for our review:

I.     Did PCRA court abuse its discretion when denying [Appellant's] motion to recuse/disqualification allowing the court's bias/prejudice to influence outcome of PCRA action. Judge Donna Jo McDaniel who is named in an action where the probability of actual bias on the part of the judge is subjective and will affect a neutral two-part irreconcilable role as an accused and the deciding authority?

II.    Did PCRA court err when failing to address amended claim of government interference related to [Appellant's] PCRA petition filed with court of records when [Appellant] complained of transcripts missing and replaced from Exhibit B2 related to issue IV of partiality towards the Commonwealth claim in PCRA petition and petition was never scanned or hard copy available in court of records?

III.   Did PCRA court err when not addressing amended claim of obvious or structral [sic] error in [Appellant's] response to intent to dismiss motion of ex-parte conversation at [Appellant's] waiver of counsel colloquy proceedings?

IV.    Did PCRA court err when failing to address amended claim of conflict of interest in [Appellant's] response to intent to dismiss when conflict of public defender's office denied [Appellant] of appellate review on direct appeal due to

- 2 -

defective brief filed by [appellate] counsel from public defender's office?

V.     Did PCRA court abuse its discretion and err when not addressing issue IV in [Appellant's] PCRA petition where [Appellant] was denied new trial counsel due to partiality towards the Commonwealth when issue was properly preserved and presented to PCRA court and where merits of issue has never been adjudicated?

VI.    Did the PCRA court abuse its discretion and err when failing to transmit Appellant's original certified PCRA petition?

VII.   Did PCRA court abuse its discretion and err when failing to follow Turner/Finley procedure allowing counsel to withdraw and dismissing PCRA petition when counsel failed to address issue IV of partiality towards the Commonwealth in PCRA petition?

VIII.  Did PCRA court err and abuse its discretion by failing to find pre-trial counsel ineffective for failing to conduct a meaningful pre-trial investigation, to fully pursue discovery, and by failing to object to Brady violation?

IX.    Did PCRA court err and abuse its discretion by failing to find stand-by counsel ineffective for preventing [Appellant] from conducting his own defense, participating in ex-parte conversations without informing pro se defendant and making critical decisions without [Appellant's] knowledge?

X.     Did PCRA court err and abuse its discretion by failing to find appellate counsel ineffective for filing defective brief on direct appeal which denied [Appellant] appellate review on a [sic] issue properly preserved for appellate review and for failure to raise obvious or structural errors on appeal under separate headings?

XI.    Did PCRA court err and abuse its discretion by failing to find PCRA counsel ineffective for failing to thoroughly investigate [Appellant's] issues on their merits, failure to address issue IV in PCRA petition violating Turner/Finley procedure, and failure to recognize constitutional violations of [Appellant's] rights and revoking [Appellant's] right to

appointed PCRA representation on first collateral review violating Rule 904(c) of the Pennsylvania Rules of Criminal Procedure?

Appellant's Brief at 6–7 (full capitalization omitted; issues reordered for ease of disposition).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In the first seven issues, Appellant raises claims of error by the Honorable Donna Jo McDaniel, who served as both the trial judge and the PCRA judge. Specifically, Appellant complains that Judge McDaniel erred by: denying his motion for recusal; failing to address his claims of government interference, stand-by counsel's *ex parte* conversation, the public defender's conflict of interest, and partiality toward the Commonwealth; failing to

transmit his PCRA petition; and failing to follow the ***Turner*/*Finley***[1] procedure for withdrawal of counsel.

In Question I, Appellant complains that the PCRA court erred in refusing to recuse itself, thereby "allowing the court's bias/prejudice to influence [the] outcome of [the] PCRA action." Appellant's Brief at 6, 22. According to Appellant, Judge McDaniel participated in "ex-parte communications and collaborative efforts with the prosecution and standby counsel along with other governmental officers." ***Id.*** at 23. Appellant concludes that Judge McDaniel "held two incompatible roles: that of arbiter and that of adversary. Therefore, [her] recusal was required in order to protect [Appellant's] due process right to a fair post-conviction review." ***Id.*** at 24.

The Commonwealth retorts, "Appellant has not shown that a single one of the judge's trial rulings was motivated by bias against him. Moreover, he has not shown that any of her rulings were incorrect, much less that they prejudiced him." Commonwealth's Brief at 48.

"A party that seeks recusal of a judge bears the burden to produce evidence establishing bias, prejudice, or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." ***Commonwealth v. Hutchinson***, 25 A.3d 277, 319 (Pa. 2011) (internal

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

citations and quotation marks omitted). In reviewing a recusal issue, "[o]ur function ... is to determine whether the proceedings before the PCRA court were fair and impartial." ***Reilly by Reilly v. Septa***, 489 A.2d 1291, 1300 (Pa. 1985). If the proceedings before the PCRA court meet these criteria, then the alleged disqualifying factors of the trial judge become moot. ***Id.*** We further note that a judge's participation in a PCRA petitioner's underlying criminal action is generally not grounds for recusal in any ensuing PCRA proceedings:

> Pennsylvania law makes clear that it is generally preferable for the same judge who presided at trial to preside over the post-conviction proceedings. Familiarity with the case will likely assist the proper administration of justice. Only where it is adequately demonstrated that the interests of justice warrant recusal, should a matter be assigned to a different judge.

***Commonwealth v. Lambert***, 765 A.2d 306, 362 (Pa. Super. 2000) (citations and quotation marks omitted); ***Hutchinson***, 25 A.3d at 319.

In disposing of the recusal issue, the PCRA court opined as follows:

[Appellant] avers that this [c]ourt erred in denying his Motion for Recusal on the PCRA proceedings on the basis that this [c]ourt was "named in an action where the probability of actual bias on the part of the judge is subjective and will affect a neutral two-part irreconcilable role as an accused and the deciding authority." ([Appellant's] Rule 1925(b) Concise Statement of Errors Complained of on Appeal, p. 4).

The Appellate Court's "standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential. The appellate court recognizes that our trial judges are 'honorable, fair and competent' and although the appellate court employs an abuse of discretion, it does so recognizing that the judge himself is best qualified to judge his ability to preside impartially... It is the burden of the party requesting recusal 'to

produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially.'" Commonwealth v. Harris, 979 A.2d 387, 391-[39]2 (Pa. Super. 2009).

On April 14, 2016, after this [c]ourt had both denied [Appellant's] Motion for Recusal and appointed Suzanne Swan, Esquire to represent [Appellant] in his PCRA proceedings, [Appellant] attempted to file a private criminal complaint naming this [c]ourt, Attorney Narvin and former Assistant District Attorney Laura Ditka, Esquire. The private criminal complaint sought to raise a claim of "Obstruction Administration of Law or other government functions" pursuant to 18 Pa.C.S.A. §5105[6] on the basis of the previously-referenced events at the conclusion of the waiver of counsel hearing, and also named Allegheny County Executive Rich Fitzgerald, the U.S. Attorney's Office, the Pennsylvania Attorney General's Office, the Honorable Jeffrey Maning [sic], Public Defender Elliott Howsie, Esquire, the Allegheny County Office of Conflict Counsel and the United States Civil Rights Exploitation and Corruption Section as "in-concert parties" who all broke state and Federal laws during the waiver of counsel hearing. Not surprisingly, [Appellant's] private criminal complaint was not accepted by the Assistant District Attorney on duty at the Municipal Court. Thereafter, [Appellant] again sought prosecution by mailing his private criminal complaint directly to Allegheny County District Attorney Steven Zappala, Jr. Again, the complaint was not accepted.

[6] 18 Pa.C.S.A. §5105 actually concerns Hindering Apprehension or Prosecution.

[Appellant] is not able to force recusal of a judge by attempting to file falsified and improper claims against the judge and then using that attempt (which he incorrectly characterized as a pending case) as the basis for recusal. The logic is both circular and faulty. As has been repeatedly stated, this [c]ourt went to great lengths to ensure that [Appellant] received a fair trial and the fact that he was convicted is not reflective [of] any bias or prejudice on behalf of this [c]ourt. [Appellant] was convicted because he was guilty. [Appellant's] attempt to manufacture a claim of bias with his concocted private criminal complaint is both offensive and meritless. This claim must also fail.

PCRA Court Opinion, 5/23/17, at 16–17 (original brackets omitted).

Having reviewed the certified record, we conclude that Appellant has not produced evidence establishing bias, prejudice, or unfairness, which raises a substantial doubt as to Judge McDaniel's ability to preside impartially as the PCRA jurist. *Hutchinson*, 25 A.3d at 319. Indeed, the PCRA proceedings before Judge McDaniel were fair and impartial, and, having served as the trial judge, Judge McDaniel's familiarity with the case assisted the proper administration of justice. *Lambert*, 765 A.2d at 362. Thus, we discern no abuse of Judge McDaniel's discretion in refusing Appellant's recusal request. Moreover, given Appellant's attempt to compel Judge McDaniel's recusal by filing an unsubstantiated private criminal complaint, his claim of error is disingenuous.

In Questions II, III, and IV, Appellant complains that the PCRA court failed to address several "amended" claims raised in his response to the PCRA court's notice of intent to dismiss. Appellant's Brief at 17, 27, 34.[2]

---

[2] The PCRA court succinctly disposed of the issues regarding its failure to address certain PCRA claims:

> [Appellant] also avers that this [c]ourt erred in failing to "address" his PCRA claims. As discussed above and below, this [c]ourt has extensively "addressed" [Appellant's] PCRA claims and found them to be utterly without merit. There is simply no basis for his claim that they were not addressed; this 19 page Opinion is direct evidence to the contrary. This claim is meritless.

*(Footnote Continued Next Page)*

Relying on **Rykard**, 55 A.3d 1177, the Commonwealth contends that Appellant waived these issues:

> [Appellant], in his response to the trial court's notice of intention to dismiss his PCRA petition, purports to raise three (3) issues which were not contained in his *pro se* petition. They were (1) "Government interference"; (2) "Obvious or Structural Error"; and (3) "Conflict of Interest."
>
> Under the law of this Commonwealth, such issues have been waived. As this Court has held, in order to preserve a new, non-PCRA counsel ineffectiveness claim for appeal, a petitioner must seek leave to amend his post- conviction [sic] collateral petition. It is not sufficient merely to include the claims in one's response to the court's notice of intention to dismiss.

Commonwealth's Brief at 50 (internal citation omitted).

Appellant responds that he "specifically ask[ed] to amend [his] PCRA petition as pro se litigant to protect claims and issues for appellate review." Appellant's Brief at 1. Therefore, Appellant asserts, "[t]he PCRA court should have addressed [his] amended claims on their merits." **Id.** at 1–2.

We have explained that a Pa.R.Crim.P. 907 pre-dismissal notice affords a petitioner the opportunity to seek leave to amend his petition and correct any material defects. **Rykard**, 55 A.3d at 1189 (citing **Commonwealth v. Williams**, 732 A.2d 1167 (Pa. 1999)). However, we clarified that a petitioner's prerogative to respond to a PCRA court's Rule 907 notice is not analogous to an amended PCRA petition, which is subject to

*(Footnote Continued)* ————————————

PCRA Court Opinion, 5/23/17, at 18.

either the PCRA time bar or the PCRA court's express grant of relief under Pa.R.Crim.P. 905(A). *Rykard*, 55 A.3d at 1189.

Specifically, we stated the following:

[Pa.R.Crim.P.] 907, which provides the requirement of a notice of intent to dismiss and allows for the optional filing of a response, states that a PCRA court may dismiss a petition, grant leave to file an amended petition, or direct that proceedings continue twenty days after the date of the notice of dismissal, including if a defendant responds to the dismissal. **The rule does not treat a response to its notice of dismissal as either an amended petition or a serial petition**.

*Rykard*, 55 A.3d at 1187 (emphasis added).

Here, Appellant raised "amended claim[s]" in his response to the PCRA court's notice of intent to dismiss. Petitioner's Response to Intent to Dismiss PCRA, 9/21/16, at 15–19. Although Appellant requested permission to amend his PCRA petition to include these new claims, the PCRA court did not grant him permission. Consequently, we agree with the Commonwealth that Appellant's three "failed to address" issues are waived. *Accord Rykard*, 55 A.3d at 1192 (explaining that response to notice of dismissal is neither amended petition nor serial petition); *see also Williams*, 732 A.2d at 1191 ("The assertion of a new claim after the court has heard argument and indicated its intent to dismiss the petition militates in favor of the decision to deny leave to amend.").

In Question V, Appellant essentially complains that the PCRA court erred in failing to address Issue IV of his *pro se* PCRA petition. Appellant's Brief at 24. Issue IV reads as follows:

- 10 -

(IV) The entire trial process was fundamentally flawed where the trial court, by invoking its personal bias and prejudice, denied Petitioner new counsel, shown partiality towards the Commonwealth, and repeatedly made rulings in Petitioner's absence depriving him of his fundamental right to be present during every stage in violation of the Fourth, Sixth and Fourteenth Amendments to be tried before an impartial judge[.]

Petition for Post-Conviction Relief, 2/6/16, at ¶ 8(IV).

Although the PCRA court did not specifically address Issue IV of Appellant's petition, it did refer to Appellant's claims of bias and partiality. The PCRA court opined:

Rather than admitting that he received a fair trial and was convicted, [Appellant] asserts that this [c]ourt was biased against him. Rather than admitting that his claim of bias lacked merit, he asserts that his lawyer wrote a bad brief.

The Superior Court has already reviewed the record of the trial and determined that [Appellant] received a fair and just trial with all the protections of due process. This [c]ourt was not biased or prejudiced against [Appellant] and his repeated assertions to the contrary are, frankly, offensive to this [c]ourt and to the entire justice system. [Appellant] was convicted because he was guilty. Appellate counsel was unable to provide a legal analysis demonstrating this [c]ourt's bias because there was none - the fantasies and delusions of [Appellant] notwithstanding.

PCRA Court Opinion, 5/23/17, at 15.

As for Appellant's specific complaint about the denial of his request for new counsel, the direct-review panel disposed of this issue:

Upon review, we conclude that the trial court's decision to deny Appellant's requests for new counsel was fully within its discretion, and we decline to grant Appellant relief on this basis. Appellant's request at issue was made after jury selection and sought new appointed counsel, not substitution of counsel of his choosing at his own expense. Moreover, contrary to Appellant's

- 11 -

assertion, defense counsel was indeed prepared for trial. The trial court determined that Appellant failed to set forth a legitimate reason for appointing new counsel. Therefore, Appellant's request was properly denied. ***See e.g. Commonwealth v. Floyd***, 937 A.2d 494, 497 (Pa. Super. 2007) (citation omitted) (holding that "'substantial reasons' or 'irreconcilable differences' warranting appointment of new counsel are not established where the defendant merely alleges a strained relationship with counsel, where there is a difference of opinion in trial strategy, where the defendant lacks confidence in counsel's ability, or where there is brevity of pretrial communications"); ***see also*** Pa.R.Crim.P. 122(C). In addition, the trial court properly colloquied Appellant on his request for self-representation, then permitted Appellant to proceed *pro se*. Accordingly, Appellant's claim of trial court error fails[.]

***Henderson***, 116 A.3d 699, 1155 WDA 2013 (unpublished memorandum at *14–15).

Regarding Appellant's reference to the exchange among Judge McDaniel, the prosecutor, and standby counsel in Appellant's absence after the waiver-of-counsel colloquy, we discern no basis for relief. In fact, Judge McDaniel, the prosecutor, and standby counsel served Appellant's interests by clarifying his access to certain witnesses subpoenaed by the Commonwealth. N.T., 2/4/13, at 17–19. Although their personal assessments of Appellant's ability to represent himself appear on the record, nothing therein supports Appellant's allegation that he was deprived "of his fundamental right to be present during every stage in violation of the Fourth, Sixth and Fourteenth Amendments to be tried before an impartial judge." Petition for Post-Conviction Relief, 2/6/16, at ¶ 8(IV).

We reiterate that Appellant has not produced evidence establishing Judge McDaniel's bias, prejudice, or unfairness. **Hutchinson**, 25 A.3d at 319. Additionally, the certified record confirms that the PCRA proceedings before Judge McDaniel were fair and impartial. Appellant's contrary claim lacks merit.

Appellant alleges in Question VI that the PCRA court erred in "failing to transmit [A]ppellant's original certified PCRA petition." Appellant's Brief at 19. We note that the PCRA court did not specifically address this claim. However, the Commonwealth claims, and our review of the certified record confirms, that Appellant's PCRA petition is available for our review at Docket Entry 46. Therefore, this allegation of error does not warrant relief.

Appellant's seventh question contains his final allegation of judicial error, *i.e.*, the PCRA court failed to comply with the **Turner**/**Finley** procedure for allowing counsel to withdraw. Appellant's Brief at 33. The PCRA court disposed of this claim as follows:

> Finally, [Appellant] argues that this [c]ourt erred in "failing to follow Turner/Finley procedure" in the dismissal of his pro se PCRA Petition by not conducting its own independent review of the Petition.
>
> Again, [Appellant's] claim fails without question, as this [c]ourt <u>did</u> conduct its own independent review of the record prior to dismissing the Petition. [Appellant] necessarily assumes that it did not because relief was not granted, which is again demonstrative of the faulty reasoning employed throughout the Petition and the Concise Statement. That this [c]ourt did not grant relief did not mean that it did not review the Petition; rather, it meant that the claims were meritless and did not

warrant collateral relief. [Appellant's] wishing does not make it so. This claim is also meritless.

PCRA Court Opinion, 5/23/17, at 18 (emphasis in original).

As stated above, we grant great deference to the PCRA court's findings that are supported in the record, and we will not disturb them unless they have no support in the certified record. *Rigg*, 84 A.3d at 1084. Here, the PCRA court assures us that it dismissed Appellant's petition based on its independent review of the record, including Appellant's response to the PCRA court's notice of intent to dismiss. Order, 1/10/17. Appellant presents no argument, let alone evidence of record, that undermines our deference to the PCRA court's supported findings and conclusion that Appellant is not entitled to relief on his claims.

In his four remaining issues, Appellant challenges the effective assistance of his pretrial, standby, appellate, and post-conviction counsel. Pennsylvania jurists presume that a PCRA petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). In such cases, we are bound by the PCRA court's credibility determinations where there is support for them in the record. *Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citation omitted). Furthermore, claims of ineffective assistance of counsel ("IAC") are not self-proving. *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). Consequently, our Supreme Court has explained that, in order to succeed on an IAC claim, an appellant must demonstrate (1) that

the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Michael Pierce*, 786 A.2d 203, 213 (Pa. 2001).

We reiterate that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862–863 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981)). Our Supreme Court has defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Charles Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting *Commonwealth v. Maroney*, 235 A.2d 349, 352 (Pa. 1967)) (emphasis in original; footnote omitted). Finally, prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Michael Pierce*, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of

the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Appellant's first IAC claim is against pretrial counsel. Appellant's Brief at 35. According to Appellant, pretrial counsel failed to investigate the case and was not prepared for trial. ***Id.*** at 36.

Regarding this IAC claim, the PCRA court opined as follows:

> Next, [Appellant] argues that "pretrial counsel" was ineffective in failing to investigate expert witnesses and in being unaware of exculpatory evidence that could have been the subject of a suppression motion. Insofar as [Appellant] has failed to specify which of his four (4) attorneys - all of whom represented him before trial commenced - he considers to be "pretrial counsel", which expert witness(es)[5] should have been "investigated" or called to testify and what "exculpatory evidence" counsel should have been aware of, [Appellant] has utterly failed to present a reviewable claim. "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review"... "When an appellant fails to adequately identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to the issues"... "In other words, a Concise Statement which is too vague to allow the Court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." Commonwealth v. Lemon, 804 A.2d 34, 37 (Pa.Super. 2002), *internal citations omitted*. As this Court is unable to determine the basis for [Appellant's] claims of ineffectiveness against "pretrial counsel" - or even the attorney(s) against whom they are being made - this claim has been waived.
>
> > [5] As it specifically relates to a claim for ineffectiveness for the failure to call a witness, the petitioner must establish that "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so

> prejudicial as to have denied the defendant a fair trial." <u>Commonwealth v Matias</u>, 63 A.3d 807, 810-811 (Pa.Super. 2013).

PCRA Court Opinion, 5/23/17, at 13–14 (some internal quotation marks omitted).

Upon review, we discern no abuse of the PCRA court's discretion in rejecting Appellant's undeveloped claim against pretrial counsel as waived. Contrary to Appellant's assertion, he—not the PCRA court—is responsible for providing the details of his claim, such as a particular counsel's ineffectiveness. Appellant's Brief at 35–36. Additionally, we recall this Court's disposition of the underlying issue on direct appeal:

> Appellant argues that the trial court abused its discretion by failing to appoint new trial counsel where court-appointed counsel refused to subpoena critical witnesses and was allegedly unprepared for trial.
>
> * * *
>
> [C]ontrary to Appellant's assertion, defense counsel was indeed prepared for trial.

**Henderson**, 116 A.3d 699, 1155 WDA 2013 (unpublished memorandum at *10, 15). In sum, Appellant's IAC claim against pretrial counsel fails.

Next, Appellant complains that standby counsel was ineffective. Appellant's Brief at 37. According to Appellant, standby counsel "prevent[ed] Appellant] from conducting his own defense, participat[ed] in ex-parte conversations without information pro se [Appellant] and [made] critical decisions without [Appellant's] knowledge." **Id.** The Commonwealth retorts

- 17 -

that, "having waived his right to counsel, [Appellant] has waived his right to effective assistance of counsel." Commonwealth's Brief at 33.[3] We agree.

In this case, Appellant waived his Sixth Amendment right to counsel and, instead, chose to represent himself at trial.[4] Our Supreme Court has explained that:

> [s]uch a choice is also guaranteed under the Sixth Amendment…. The self-representation choice, however, is not without consequences, including that a defendant who knowingly and intelligently waives his right to counsel and represents himself at trial cannot later seek to revive defaulted trial claims by alleging his own ineffectiveness or the ineffectiveness of his standby counsel.

*Commonwealth v. Blakeney*, 108 A.3d 739, 749 (Pa. 2014) (citations omitted). Moreover, "any potential layered claim of counsel ineffectiveness covering trial and appeal is unavailable because [A]ppellant exercised his constitutional right to represent himself at trial." *Id.* Applying *Blakeney*, we conclude that "Appellant's post-conviction attempt to challenge standby counsel's effectiveness at trial . . . is not cognizable." *Id.* at 756–757.

---

[3] In rejecting this IAC claim, the PCRA court stated, "[Appellant's] current claims against [standby counsel] as they relate to both [standby counsel's] speaking outside [Appellant's] presence and in failing to inform him of what [Appellant] later perceived as this [c]ourt's bias are both entirely without merit. This claim must fail." PCRA Court Opinion, 5/23/17, at 13.

[4] We upheld the validity of Appellant's decision to represent himself at trial. *Henderson*, 116 A.3d 699, 1155 WDA 2013 (unpublished memorandum at *10–15).

- 18 -

Appellant levels his third IAC claim against appellate counsel, who, Appellant asserts, filed "a defective brief on direct appeal." Appellant's Brief at 26. Due to Appellant's lack of clarity in presenting this issue, we rely on the PCRA court's well-reasoned analysis, which we adopt as our own:

> Next, [Appellant] argues that appellate counsel was ineffective in filing a defective appellate brief[,] which led the Superior Court to determine one of his appellate claims had been waived. Again, this claim is meritless.
>
> On his direct appeal, [Appellant] sought to raise a claim of bias by this Court. However, other than citing "a list of circumstances which allegedly support his allegation that the trial court was partial towards the Commonwealth" (Superior Court Opinion, December 23, 2014, 1155 WDA 2013, p. 17), [Appellant] failed to cite any relevant case law or provide an analysis applying that law to the facts of the case. As such, the Superior Court deemed the issue waived.
>
> It is clear to this Court that appellate counsel raised the claim of bias upon [Appellant's] insistence, and to save himself from [Appellant's] later claim that he failed to do [Appellant's] bidding (as [Appellant]has now claimed against his various other attorneys). It is further clear to this [c]ourt - having provided [Appellant] with a fair trial - that counsel included the allegations in the brief as directed but was unable to provide a meaningful legal analysis of the claim of bias since it did not exist. However, rather than accepting the Superior Court's determination that [Appellant's] allegations as presented do not support a legal analysis and are not indicative of a claim of judicial bias, [Appellant] presumes that the fault must lie with his attorney for filing a "defective" brief.
>
> [Appellant's] failure to accept the Superior Court's determination and instead blame his attorney is completely demonstrative of his conduct throughout the trial and his utter refusal to take responsibility for his actions. Rather than admitting his guilt in raping three (3) women, he asserts that they consented and enjoyed it.

* * *

> Appellate counsel was unable to provide a legal analysis demonstrating this [c]ourt's bias because there was none. . . . Appellate counsel was not ineffective for writing a "defective" brief when the claim of error did not exist. This claim must also fail.

PCRA Court Opinion, 5/23/17, at 14–15. Upon review, we discern no abuse of the PCRA court's discretion in rejecting Appellant's IAC claim against appellate counsel.

Finally, Appellant challenges the representation of PCRA counsel. Appellant's Brief at 38.[5] The crux of Appellant's claims appears to be that PCRA counsel "failed to address [A]ppellant's claims of partiality towards the Commonwealth in his no-merit letter, and [A]ppellant's claim of obvious and/or structural error." *Id.* at 42. Again, given Appellant's lack of clarity in presenting this issue, we rely on the PCRA court's analysis:

> Next, [Appellant] raises five (5) claims of ineffective assistance of PCRA counsel, for his failure to file an Amended Petition including each of the five (5) issues identified in his pro se Petition: the discussion following the waiver of counsel hearing; the expert investigation and exculpatory evidence issue; the "defective" appellate brief; the alleged prejudice of this [c]ourt (all referenced above) and this [c]ourt's failure to recuse itself in the PCRA proceedings ... .

---

[5] Appellant preserved his IAC claims against PCRA counsel by raising them in his response to the PCRA court's notice of intent to dismiss Appellant's petition. Petitioner's Response to Intent to Dismiss PCRA, 9/21/16, at 3–16. ***Accord Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009) ("[I]n order for a petitioner to preserve an ineffective assistance claim against his PCRA counsel, he must either allege the claim in a serial PCRA petition or raise it in response to the PCRA court's notice of dismissal.").

As discussed extensively elsewhere in this Opinion, the underlying claims of error are meritless. Accordingly, insofar as counsel can never be found ineffective for failing to raise a meritless claim . . . [PCRA counsel] will not be found ineffective for failing to raise them in an Amended Petition. This claim is also meritless.

PCRA Court Opinion, 5/23/17, at 15–16 (internal citation omitted).

Our review of the certified record confirms that it supports the PCRA court's findings and reveals no basis for disturbing the PCRA court's determination that Appellant's IAC claims against PCRA counsel lack merit. Accordingly, we discern no abuse of the PCRA court's discretion in rejecting these claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/05/2018